# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6179 | **DATE** | 12/5/2003 |
| **CASE TITLE** | Dean Clement, et al vs. Yan Fung Lau, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 13 Jan. 04 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Clements' Motion for Remand is denied. The Motion for Costs and Attorney's Fees is also denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED DEC 5 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DEAN CLEMENT and SUSAN CLEMENT, individually and as Next Friends of KELSEY CLEMENT, a minor,

Plaintiffs,

v.

YAN FUNG LAU, SCHNEIDER NATIONAL, INC., a Wisconsin corporation, and SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation,

Defendants.

Case No. 03 C 6179

Hon. Harry D. Leinenweber

DOCKETED DEC 10 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dean and Susan Clement, individually and as Next Friends of Kelsey Clement, a minor (collectively the "Clements"), initially brought this nine-count action for negligence against Yan Fung Lau ("Lau"), Schneider National, Inc. ("SNI"), and Schneider National Carriers, Inc. ("SNC") in the Circuit Court of Cook County, Illinois. SNC subsequently removed the case to federal court pursuant to 28 U.S.C. § 1441(a). Presently before the Court are the Clements' motions for remand and for costs and attorney's fees. For the following reasons, the Court denies both motions.

### I. BACKGROUND

On August 9, 2001, the Clements were traveling on I-294 in Bremen Township in Cook County, Illinois. While they were stopped

at a tollbooth, Defendant Lau, who was driving a semi-tractor-trailer rig owned by SNC and SNI, crashed into the rear of the Clements' vehicle, causing injuries to each of the plaintiffs. Dean Clement, the driver of the Clements' vehicle, incurred the most serious injuries, including a herniated disk and fragmentation at L4-5, and eventually required back surgery. His wife, Susan, suffered headaches and neck and back pains, which were resolved after two months. The Clements' thirteen-year-old daughter, Kelsey, had soft tissue injuries to her neck and mid to upper back regions. These were treated with medication and physical therapy.

On May 29, 2003, the Clements presented a settlement demand to SNC's insurance company, detailing the plaintiffs' injuries and asking for $92,500.00 to settle the case. In a follow-up letter dated July 16, 2003, the Clements broke this amount down into individual demands of $90,000.00 for Dean Clement, $15,000.00 for Kelsey Clement, and $10,000.00 for Susan Clement but renewed their settlement demand of $92,500.00 and emphasized that they would not settle one claim without settling all claims. After the settlement attempt apparently failed, on August 1, 2003, the Clements filed a complaint in the Circuit Court of Cook County against Lau and against SNI and SNC, which not only owned the semi-tractor-trailer rig but which also permitted Lau to drive the rig within the scope of his employment with the companies. Because personal injury plaintiffs filing claims in Illinois state courts are prohibited

from specifying exact damages in their complaints, in each count the Clements requested damages "in a sum in excess of $50,000." On September 3, 2003, SNC timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a). In its Notice of Removal, SNC explained that in the complaint each plaintiff seeks damages in excess of $50,000.00 and that the plaintiffs had served a combined demand of $92,500.00 on SNC and SNI. SNC concluded that "inasmuch as each of the plaintiffs has demanded an amount in excess of $75,000.00" this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Shortly thereafter, on September 18, 2003, the Clements filed the instant motion for remand, arguing that two of the three claims are worth significantly less than the requisite $75,000.00. They simultaneously filed a motion for costs and attorney's fees, asserting that SNC knew prior to filing its Notice of Removal that these claims were insufficient to meet the jurisdictional requirements of federal court.

## II. DISCUSSION

Section 1441(a) permits a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, a district court has such original jurisdiction of "all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest or costs" and where the parties have diverse citizenship. 28 U.S.C. § 1332(a). The burden of showing that the removal jurisdiction is proper falls on SNC as the removing party. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). In the Seventh Circuit, a defendant must offer evidence that proves to a reasonable probability that jurisdiction exists. *Chase v. Shop 'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(internal citations and quotation marks omitted). The parties do not dispute that there is complete diversity of citizenship in this case. The Clements are residents of Ottawa County, Michigan; Lau is a resident of North York, Ontario, Canada; SNI is a Wisconsin corporation; and SNC is a Nevada Corporation. As a result, SNC must show to a reasonable probability that the matter in controversy exceeds the $75,000.00 figure required to remove a diversity action to federal court.

The Clements explain that an action may not be removed under § 1441(a) if any claim in the action is jurisdictionally barred from disposition in federal court. *5757 N. Sheridan Rd. Condo. Assoc. v. Local 727 of the Int'l Bhd. of Teamsters*, 864 F. Supp. 74, 76 (N.D. Ill. 1994). They argue that because the claims of Kelsey and Susan Clement are worth less than $75,000.00 each, those claims must be remanded back to state court. Because those claims are jurisdictionally barred from disposition in this Court, they

conclude, the entire action cannot be removed to the district court under §1441(a). In making this argument, the Clements ignore established, binding case law from the Seventh Circuit and rely instead upon cases from the Southern District of West Virginia, the Southern District of Indiana, and the Southern District of New York. Not only are these cases nonbinding on this Court, but several of them have been overturned or rejected in subsequent decisions. SNC similarly gets sidetracked and focuses its argument on whether or not Kelsey and Susan Clement bring claims of more than $75,000.00. If either party had researched the relevant Seventh Circuit case law on aggregation of claims, they would have realized that whether or not Kelsey and Susan Clement's claims are for less than the required jurisdictional amount is irrelevant.

The Seventh Circuit has held that in cases where there are multiple plaintiffs, at least one named plaintiff must satisfy the jurisdictional amount. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d at 607; *see also Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 930-933 (7th Cir. 1996). Once he has done so, other named plaintiffs that satisfy the requirements of supplemental jurisdiction as set forth in 28 U.S.C. § 1367 may piggyback onto that plaintiff's claim. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d at 607; *Stromberg Metal Works, Inc.*, 77 F.3d at 930-933. Those piggybacking plaintiffs "remain plaintiffs . . . even though their own claims

are for less than the jurisdictional minimum amount." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d at 607. Although in each count the Clements request damages "in a sum in excess of $50,000," as they are required to do by Illinois civil procedure law, 735 ILL. COMP. STAT. ANN. 5/2-604 (West 2003), Plaintiffs concede in their brief that "the claim of Plaintiff Dean Clement is almost certainly worth in excess of $75,000." (Mem. of Law in Support of Pls. Mot. for Remand and for Costs and Att'y's Fees at 4.) This is corroborated both by their settlement offer, contained in plaintiffs' July 16, 2003 letter, of $90,000 for Dean Clement's claims and by the description of Dean Clement's injuries as set forth in their May 29, 2003 letter. Furthermore, Susan and Kelsey Clement's claims are "so related" to Dean Clement's claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). All three plaintiffs were passengers in the same car and their claims all arise out of the same accident. It would make no sense to decide Susan and Kelsey Clement's claims separately from Dean Clement's claims.

It does not matter, as the Clements suggest, that SNC fails to contest or disagree with their position that each of the plaintiffs' claims must be in excess of $75,000.00. That is not the law in this Circuit. The fact that Dean Clement undisputedly brings a claim for more than $75,000.00 gives this Court

jurisdiction over all three claims. Accordingly, the Clements' motion for remand is denied and their motion for costs and attorney's fees is denied as moot.

## CONCLUSION

For the foregoing reasons, the Clements' Motion for Remand is denied. Their Motion for Costs and Attorney's Fees is also denied. **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: _November 5, 2003_