IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEAN CLEMENT and SUSAN CLEMENT, Individually and as Next Friend of KELSEY CLEMENT, a Minor,<br><br>    Plaintiffs,<br><br>  v.<br><br>YAN FUNG LAU and SCHNEIDER NATIONAL, INC., a Wisconsin Corporation, and SCHNEIDER NATIONAL CARRIERS, INC., a Nevada Corporation,<br><br>   Defendants and<br>  Third Party Plaintiffs,<br><br>  v.<br><br>BENDIX COMMERCIAL VEHICLE SYSTEMS,<br><br>  Third Party Defendant. | FILED<br>MAR 2 5 2005<br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE<br><br>Case No. 03 C 6179<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Third Party Plaintiffs Schneider National Carriers, Inc. and Yan Fung Lau (hereinafter "Schneider") filed a third-party contribution action against Third Party Defendant Bendix Commercial Vehicle Systems (hereinafter "Bendix").

Before the Court are several motions by both parties. Bendix filed a Motion for Summary Judgment on December 10, 2004. Schneider then filed a Motion to Modify the Court's Settlement Order Pursuant to FED. R. CIV. PROC. 60(B)(6) or For Leave to File a Reformation Action, and To File an Amended Third Party Complaint

for Breach of Warranty. Bendix subsequently filed several Motions to Strike portions of Schneider's motions.

## I. **BACKGROUND**

Bendix manufactures braking system components. A Bendix brake component allegedly was installed in Schneider's (original defendant) semi-truck trailer, when the trailer crashed with the Clement family's (original plaintiffs) automobile at an Illinois toll plaza on August 9, 2001. The Clements -- Dean Clement, Susan Clement, and Kelsey Clement (a minor) -- sued Schneider and other defendants, who then settled with Dean Clement for $60,000, which is reflected in the parties' Settlement and Release Agreement (the "Agreement"). Susan and Kelsey Clement also separately settled with the defendants. The total settlement amount was $75,000. On February 12, 2004, the Court entered an Order approving Kelsey Clement's settlement and distribution. At the parties' second status hearing on April 1, 2004, the Court dismissed the complaint with prejudice based on the parties' full settlement and left the case open for the filing of a third-party action. Schneider filed suit against Bendix for contribution of its "pro rata share of liability" on that same day.

## II. **THE AGREEMENT**

The final two-page Agreement between Dean Clement and Schneider also included the other named Defendants: Schneider National Carriers, Inc.; INS Insurance, Inc.; Yan Fung Lau; and

Dowd & Dowd, Ltd. (*See* Schneider Mtn. to Modify, Exh. B).

Part b(1), titled "Release," states:

> Clement . . . for and in consideration of . . . $60,000 to me in hand paid . . . do hereby release the SCHNEIDER PARTIES [all above named defendants], and their successors . . . from any and all claims, demands, actions, and rights of action of whatsoever kind, nature or description which I have had or now have against said DEFENDANTS. . . .

Part b(3)(b), under the heading "Miscellaneous," states:

> The parties further agree that nothing in this release shall in any way bar or prevent Schneider National Carrier, Inc., from filing an action against any third party to recoup the monies paid pursuant to this agreement, nor will this release in any way operate as a waiver of Schneider National Carriers, Inc.'s right to file a claim against any third party arising out of the accident which occurred on or about August 9, 2001. . . .

The Agreement is signed by Dean Clement, Michael P. Risko (plaintiffs' attorney), and Schneider National Carriers, Inc., through an individual whose name is illegible.

### III. DISCUSSION

Bendix succinctly contends that it is entitled to summary judgment under the Illinois Joint Tortfeasor Act (the "Act") because it was not explicitly released in the Agreement. Bendix is correct that under Illinois law, the Act requires a settlement agreement *specifically* to release potential third parties before a defendant can file a third-party action for contribution. 740 Ill. Comp. Stat. 100/2(b)-(c), (e). The plain language of the Agreement does *not* release Bendix, and Schneider's complaint states that it seeks contribution for Bendix's "pro rata share of liability."

(Am. Comp. at 3). Without more, the Court would grant the dispositive summary judgment motion. *See Pearson Bros. Co., Inc. & VCV Eng'g & Supply, Inc. v. Allen*, 476 N.E.2d 73, 74 (Ill. App. 1985)(stating that the unambiguous literal interpretation of the section 2(e) of the Act that prohibits "contribution from another tortfeasor whose liability is not extinguished by the settlement" must be upheld). However, Bendix's summary judgment motion is not the only motion presently before the Court.

## A. Reformation and FED. R. CIV. PROC. 60(b)

### 1. *Reforming the Agreement*

Schneider has filed several motions that the Court also must consider. The motions for reformation, or, in the alternative, relief under FED. R. CIV. PROC. 60(b) can be considered together. Although reformation is a common-law action, both share similar heightened standards and provide equitable relief. *See Harman v. Pauley*, 678 F.2d 479, 480 (4th Cir. 1982)(citing to Rule 60(b) as giving the district court "authority to accomplish justice"); *Farmer City State Bank v. Guingrich*, 487 N.E.2d 758, 765-66 (Ill. App. 1985)(stating that reformation of a release is an "equitable remedy" and that mutual mistake must be clearly and convincingly proven). Granting Schneider's motions for reformation or relief under Rule 60(b) effectively moot Bendix's summary judgment motion. Rule 60(b) covers "final judgment[s], order[s], or proceeding[s]" and provides a district court with the discretion to afford relief

- 4 -

under certain circumstances. *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994). The Court dismissed the underlying action with prejudice because of the parties' settlement. (*See* Minute Order, Apr. 1, 2004). Reforming the Agreement, however, does not alter the material terms between the original parties on which the Court's order was predicated. If Schneider cannot state a claim for reformation, then the Court most certainly would not grant relief under Rule 60(b). Therefore, the Court will treat Schneider's motion as a reformation action of the Agreement's release provision.

Schneider contends that when it entered into the Agreement, its intention was to settle with Dean Clement to release the named defendants and Bendix, and then bring a third-party action against Bendix. Schneider asserts that the plaintiffs intended the same. As evidence of this intent, Schneider points to the language in Part b(3)(b) that discusses that the Agreement shall not prevent Schneider from filing any third-party actions. *See supra* Section II. The failure to name specifically Bendix, Schneider asserts, was an inadvertent mutual mistake.

Schneider attaches two affidavits in support of its mutual mistake claim. Both state that the Clements' and Schneider's original intent was

> to enter into a settlement agreement that would extinguish all potential tort liability, including but not limited to Bendix's potential liability and in tort. . . . That the failure to include in the release

- 5 -

language to the effect that all tort liability was
extinguished, including Bendix's, was an inadvertent
mistake. . . . That the provision pertaining to the
elimination of all tort liability was mistakenly omitted
from the release.

(Schneider Mem. Mtn. To Amend, Exhs. A & B). One affidavit is signed by Michael Rizzo, Dean Clement's attorney, and a signatory to the Agreement. The other is signed by Patrick J. Ruberry, Schneider's attorney. Schneider's proposed modification to the Agreement states: "By entering into this agreement, the Clements hereby release any and all tortfeasors, including but not limited to Allied Bendix, Bendix, their parents, subsidiaries, etc." (Schneider Mtn. to Modify at 2).

Schneider satisfies the heightened requirements for pleading reformation by: attaching affidavits from both parties to the Agreement stating the mutual mistake and the desire for reformation; attaching the Agreement itself; and pointing to language in the Agreement, which is some evidence of the parties' intent. See Aetna Screw Prods. Co. v. Borg, 451 N.E.2d 1260, 1264 (Ill. App. 1983)(stating three requirements to prove mutual mistake for reformation: "(1) there must have been an agreement between the parties; (2) the parties must have agreed to put their agreement into writing; and (3) a variance exists").

Bendix cites to several cases in response to Schneider's reformation motion that support Bendix's summary judgment position. See, e.g., Dixon v. Chi. & N.W. Transp. Co., 601 N.E.2d 704, 707

(Ill. 1992); *Pearson*, 476 N.E.2d at 74. Bendix's cases, however, are not applicable to the reformation action. Schneider is correct that the settlement agreements or releases in those cases did not specifically name the third-party defendant -- same as the Agreement at issue -- and the courts found the omissions to be dispositive in barring contribution actions under the Act. None of the cases dealt with the issue of reformation by mutual mistake between the original parties.

The cases proffered the same losing argument: that the court "should give an equitable rather than literal interpretation to section 2(e) in order to do justice between the parties." *Pearson*, 476 N.E.2d at 74; *see, e.g.*, *Guerrero v. Sebastian Contracting Corp.*, 746 N.E.2d 846, 850 (Ill. App. 2001). Each time, the courts rejected "the contention that [they] should not interpret section 2(e) to mean what it clearly states." *Pearson*, 476 N.E.2d at 74; *see, e.g.*, *Guerrero v. Sebastian Contracting Corp.*, 746 N.E.2d 846, 850 (Ill. App. 2001). Although Schneider's voluntary reformation action shares a similar equitable argument with those cases, the situation here is distinguishable. Reformation is an independent common-law action that the Court considers separate and apart from the Act's literal application.

A reformation action is appropriate where a party proves by clear and convincing evidence that there has been a mutual mistake of fact "common to all parties to the instrument, and the mistake

[was] in existence at the time of the instrument's execution." *Farmer*, 487 N.E.2d at 767. Reformation serves to ensure that the parties' written agreement embodies their actual, original agreement. *See Nat'l Ben Franklin Ins. Co. v. Davidovitch*, 462 N.E.2d 696, 699 (Ill. App. 1984).

The Court notes that in reforming the Agreement between Schneider and Dean Clement, Bendix as a third party will be affected because the Act will no longer bar Schneider from bringing its third-party action. Even so, Illinois law does *not* prohibit a voluntary reformation action to relate back to the time of the original agreement in situations such as the present one. A voluntary reformation action will be estopped only when the third party is a "bona fide purchaser without notice" or "stand[s] in similar relations." *L.E. Myers Co. v. Harbor Ins. Co.*, 384 N.E.2d 1340, 1346 (Ill. App. 1978). Further,

> [r]eformation has also been permitted where to hold otherwise would permit a third person who had not relied on the erroneously expressed agreement to be 'the gratuitous beneficiary' of the parties' mutual mistake. *Coakley v. State*, 20 Misc.2d 831, 196 N.Y.S.2d 793, 796 (parties permitted to voluntarily reform a release erroneously expressed in general terms, though rights of inadvertently released state, against which an action was pending, would be adversely affected). . . .

*Id.*

The Court finds that because Schneider's reformation action is voluntary between the parties to the Agreement and because

Schneider has presented clear and convincing evidence of mutual mistake, the Agreement must be reformed.

### 2. *Other Settling Plaintiffs*

At least one wrinkle still exists. Based on Schneider's motions and supporting affidavits, the Court reforms only the Agreement to include Schneider's language releasing Bendix from liability. The Agreement represents the settlement between Dean Clement and the defendants for $60,000. It does not settle the claims between the defendants and Susan or Kelsey Clement. All three Clements were individually named plaintiffs in the underlying action.

Schneider's reformation action and Rule 60(b) motion refers to the Agreement and the Court's Order approving Kelsey Clement's settlement. The motion is void of any specific discussion concerning Susan Clement's settlement agreement and does not attach her actual agreement. However, for the following reasons, the Court construes the motion as extending to Susan Clement's settlement as well. Schneider's motion discusses the plaintiffs' settlements generally. The motion refers to the Court's April 1, 2004 Order that terminated the underlying action because all plaintiffs reached settlement, and the affidavits' language discusses the Clements' settlements and overall intent (Michael Risko was attorney for all the plaintiffs). The Court finds that as to Susan Clement, Schneider satisfies the pleading standard for

reformation. See *Aetna Screw Prods. Co.*, 451 N.E.2d at 1264. However, the Court cannot reform her agreement without actual evidence that indicates the parties involved and release language, or lack thereof, in her agreement. Schneider still needs to prove reformation based on mutual mistake by clear and convincing evidence.

Further, Schneider requests that pursuant to Rule 60(b), the Court amend its February 12, 2004 Order approving Kelsey Clement's settlement agreement. The Court's Order makes no mention of any release and Schneider did not provide the Court with the settlement agreement or other affidavits on which the Court could find a basis to grant the relief that Schneider requests. At this point, the Court declines to use its discretion in applying the relief afforded under FED. R. CIV. PROC. 60(b). In light of the other plaintiffs' individual settlements in the underlying case and the Act's bright-line language, Schneider may only seek contribution from Bendix for its "pro rata" share of the $60,000 settlement at this time.

### B. Warranty Claims

The outstanding factual issues and reformation of the Agreement defeat Bendix's summary judgment motion. Therefore, as Schneider's action for contribution survives, the Court considers Schneider's motion to amend its complaint to add warranty claims.

Bendix argues that the motion is an end-run around its summary judgment motion. Even if that was true, it makes no difference.

Bendix also argues that the statute of limitations and its own express warranty bar any warranty claims. Although the Court may deny an amendment if it is futile, at this point, it is not definitively clear that Bendix's express warranty covers the braking components at issue or that the statute of limitations prohibits Schneider's proposed warranty amendments. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1266 (7th Cir. 1978)("The permission to amend a complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted" under FED. R. CIV. PROC. 12(b)(6)). If, in fact, Bendix's express warranty or the applicable statute of limitations bar Schneider's warranty claims, the Court expects that Bendix will file a motion to dismiss. As it now stands, under FED. R. CIV. PROC. 15(a) -- where leave to amend should be "freely given," and there is no demonstratable undue prejudice to Bendix, nor undue delay on Schneider's part -- the Court allows Schneider to amend its complaint to add the warranty claims. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

### C. **Bendix's Motions**

Bendix filed a flurry of motions subsequent to Schneider's reformation motion. The Court finds that none have merit and accordingly denies these motions in total. The argument to strike

Schneider's affidavits is misplaced. Schneider's affidavits do not have anything to do with the summary judgment motion, as Bendix argues. They are submitted as evidence of the parties' intentions in executing the Agreement. Also, it is not impermissible for Schneider to submit the affidavits in its reply brief. Further, because the Court does not rely on the February 12, 2004 Order, Bendix's motion to strike this portion of Schneider's reply brief or move to file a surreply is moot. In any event, correcting a typographical error in a reply, as Schneider appears to have done, does not amount to improperly raising new issues.

### IV. **CONCLUSION**

Reforming the Agreement between the original parties and the remaining outstanding factual issues moot Bendix's summary judgment motion. For the reasons stated above, Bendix's Motion for Summary Judgment and its Motions to Strike are **DENIED**. Schneider's Motions to Amend are **GRANTED IN PART**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 25, 2005